UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTOINNE BREWSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-cv-00141-JMS-DKL |
| ) | |
| BRIAN SMITH, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

In this case, the procedural inquiry is conclusive as to the proper outcome. The habeas petition shows on its face that petitioner Brewster's direct appeal in the Indiana state courts has been completed, *see Brewster v. State*, 40 N.E.3d 1282 (Ind.Ct.App. 2015), and that his recently-filed action for post-conviction relief is pending. He asserts in the post-conviction action that he

was denied the effective assistance of counsel, which is also the claim asserted in his federal habeas petition. The post-conviction action proceeding is a meaningful remedy within the meaning of the federal habeas statute. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985). This shows that the present habeas filing was premature.

The action must therefore be **dismissed without prejudice**.

The petitioner's request to proceed *in forma pauperis* [dkt 2] is **granted.**

**II.**

Judgment consistent with this Entry shall now issue.

**III.**

The dismissal of the action **without prejudice** makes the disposition **non-appealable** because the action may be re-filed once state court remedies have been exhausted. *See Moore v. Mote,* 368 F.3d 754 (7th Cir. 2004). No certificate of appealability will issue under these circumstances.

IT IS SO ORDERED.

Date: May 3, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTOINNE BREWSTER
245068
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135